FILED
June 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003560720

BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
1007 7th Street, Suite 200
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Frederick J. Lucksinger

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

RONDA LOUISE SCOTT,

    Debtor.

CASE NO. 09-22384-B-7

D.C. NO. BHS-2

**MOTION FOR SALE OF ESTATE'S INTEREST IN A LAWSUIT, FREE AND CLEAR OF LIENS, AND REQUEST FOR A TIME LIMIT FOR DEBTOR TO CLAIM AN INTEREST IN THE SALE PROCEEDS**

DATE: July 12, 2011
TIME: 9:32 a.m.
DEPT: B; COURTROOM 32
Hon. Thomas C. Holman

    Frederick J. Lucksinger, duly appointed Chapter 7 Trustee (hereafter the "Trustee") in the above-captioned matter, through his counsel, Barry H. Spitzer, moves this Court for authority to sell the Estate's interest in an employment discrimination lawsuit which was filed in the Sacramento Superior Court on or about June 14, 2007 (hereinafter referred to as "lawsuit") free and clear of liens, pursuant to the provisions of 11 U.S.C. section 363(b) and (f) of the Bankruptcy Code to Integra Telecom, Inc. (hereinafter "Integra") for $30,000.00. The lawsuit was not listed on Schedule B nor exempted on Schedule C. It has not been listed on either Schedule to date. The Trustee further requests this Court impose a 30 day time limitation for the Debtor to claim an interest in the sale proceeds. In support of his Motion, the Trustee states the following:

1. This Chapter case was commenced on February 12, 2009 as a Chapter 13 and was converted to a Chapter 7 case at the request of Debtor on March 27, 2009. The Trustee was appointed that day.

2. The Debtor filed an employment discrimination lawsuit in the Sacramento Superior Court on or about June 14, 2007 against Integra and Mike Hogan, individually and in his official capacity, case number 07AS02703. Other defendants were originally named, but have been dismissed.

3. The Debtor and her state court attorney, Gaspar R. Garcia, II, have not cooperated with the Trustee in investigating the lawsuit. The Defendants have been awarded sanctions by the state court for the Plaintiff's failure to appear at her deposition by order dated March 24, 2011.

4. The Trustee wishes to sell the estate's interest in the lawsuit to Integra for $30,000.00, free and clear of liens, as more fully described on the Purchase and Sale and Waiver Agreement attached to the declaration of Frederick J. Lucksinger. The Trustee and Integra recognize that the Debtor may seek to amend her exemptions to claim some of the proceeds from the lawsuit. Further, the state court attorney for the Debtor may seek to assert a lien on the sale proceeds. The Trustee will object to the Debtor seeking to amend her exemptions to include the lawsuit and will also object to the state court attorney seeking to assert a lien on the lawsuit proceeds, based on the lack of cooperation of the Debtor and her attorney. A further basis for objecting to any claim of exemption made by the Debtor is her lack of candor in her schedules regarding the lawsuit. The purchase price paid by Integra is subject to adjustment based on this Court potentially allowing the Debtor to claim an exemption in the lawsuit or allowing the lien of her state court attorney. Integra will pay up to an additional $10,000.00 to the estate if the Court approves payment to the Debtor or her state court attorney for the lawsuit proceeds, if the estate would wind up with less than $10,000.00 after paying such payments. Thus, the sale of the lawsuit to Integra would make sure the estate receives no less than $10,000.00 net, after any Court-approved payments to the Debtor and her state court attorney. The estate may net as

MOTION FOR SALE OF ESTATE'S INTEREST IN A LAWSUIT, FREE AND CLEAR OF LIENS, AND REQUEST FOR A TIME LIMIT FOR DEBTOR TO CLAIM AN INTEREST IN THE SALE PROCEEDS

2

much as $30,000.00.

5. The Trustee believes it is in the best interest of the estate to sell the estate's interest in the lawsuit to Integra for $30,000.00 as more fully described above. Neither the Debtor nor her state court attorney have cooperated with the Trustee in his investigation of the allegations made in the lawsuit. Further, the Debtor has not cooperated with the discovery in the lawsuit, leading the state court to sanction her for not appearing at her deposition. Integra has provided a $5,000.00 deposit which shall be non-refundable if Integra is the successful bidder.

6. The Trustee requests this Court impose a 30 day time limitation from the entry of order approving this sale for the Debtor to claim an interest in the sale proceeds.

7. The Trustee requests that the Court only approve overbids presented at the hearing that meet the following criteria:

   (a) Overbidding shall start at $30,500.00, under the same terms as contained in the Purchase and Sale and Waiver Agreement attached to the declaration of Frederick J. Lucksinger. The overbids shall be in minimum $500.00 increments.

   (b) To qualify as a bidder, the bidder must bring to the Court a Cashier's Check or a certified check for $5,500.00. This Cashier's or certified check shall serve as a non-refundable deposit if the overbid is successful.

   (c) The successful overbidder must deliver to the Trustee a Cashier's or certified check for the overbid amount within 48 hours of Court approval of the sale.

   (d) The total purchase price must be paid to the Trustee with twenty (20) days of the Court Order approving the sale.

8. The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale.

9. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

////

MOTION FOR SALE OF ESTATE'S INTEREST IN A LAWSUIT, FREE AND CLEAR OF LIENS, AND REQUEST FOR A TIME LIMIT FOR DEBTOR TO CLAIM AN INTEREST IN THE SALE PROCEEDS

3

WHEREFORE, Frederick J. Lucksinger respectfully requests he be authorized to sell to the estate's interest in an employment discrimination lawsuit which was filed in the Sacramento Superior Court on or about June 14, 2007 against Integra and Mike Hogan, individually and in his official capacity, case number 07AS02703, free and clear of liens, pursuant to the provisions of 11 U.S.C. section 363(b) and (f) of the Bankruptcy Code to Integra Telecom, Inc. for $30,000.00; and authority to execute any and all additional conveyances, assignments, schedules and other documents as may be necessary to consummate this sale. The Trustee further requests this Court impose a 30 day time limitation from the entry of order approving this sale for the Debtor to claim an interest in the sale proceeds. The Trustee further seeks a waiver of the fourteen day waiting period imposed by Federal Rule of Bankruptcy Procedure, Rule 6004(h).

Respectfully submitted,

DATED: June 13, 2011

LAW OFFICE OF BARRY H. SPITZER

By: *[signature]*
BARRY H. SPITZER
Attorneys for Frederick J. Lucksinger,
Chapter 7 Trustee